**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

EQUIGROOMER, LLC
            Plaintiff

    v.

SLEEKEZ, LLC
    and
JENNIFER L. TIPTON
            Defendants

Civil Action No.

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff EquiGroomer, LLC (hereinafter "EquiGroomer" or "Plaintiff EquiGroomer")

brings this Complaint For Declaratory Judgment against defendants SleekEZ, LLC (hereinafter

"SleekEZ") and Jennifer L. Tipton (collectively hereinafter "Defendants").

**NATURE OF THE ACTION**

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the

patent laws of the United States, 35 U.S.C. § 1 *et seq*., the Lanham Act under 15 U.S.C. § 1051

*et seq*., as well as the Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"), Conn.

Gen. Stat., § 42-110a *et seq*.  EquiGroomer seeks a declaration that U.S. Patent No. 9,474,250

(hereinafter "the '250 Patent") is invalid, not infringed and/or unenforceable, and seeks a

declaration that the "SLEEKEZ" mark registered as U.S. Registration No. 4,913,415 (hereinafter

"the '415 Registration") on the Principal Register has not been infringed.  EquiGroomer further

seeks damages and other just relief for Defendants' tortious interference with current and

prospective business relationships, as well as the use of deceptive acts or practices in the conduct

of business, trade or commerce in violation of CUTPA.

## THE PARTIES

2.     EquiGroomer is organized under the laws of the State of Connecticut, with a place of business at 20 Pendleton Dr., Hebron, CT 06248.  EquiGroomer is a manufacturer and seller of animal grooming products, mainly intended for owners or caretakers of horses, dogs and cats.

3.     Upon information and belief, SleekEZ is organized under the laws of the State of Wyoming with a principal place of business at 2421 Old Hardin Rd, Billings, MT 59101 and with a mailing address 931 Princeton Ave., Billings, MT 59102.

4.     Upon information and belief, Jennifer L. Tipton is the sole owner and alter ego of SleekEZ, and resides at 931 Princeton Ave., Billings, MT 59102.

## JURISDICTION AND VENUE

5.     This civil action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1 *et seq*., and the Lanham Act, 15 U.S.C. § 1051 *et seq*.  An actual and justiciable controversy exists concerning the right of and legal relationship between the parties.

6.     This Court has original subject matter jurisdiction under at least 28 U.S.C. §§ 1331, 1338 and 1367.

7.     Venue is proper in this District because pursuant to 28 U.S.C. §§ 1391(b) and (c).

8.     This Court has personal jurisdiction over Defendants because Defendants' commercial contacts with the State of Connecticut and because Defendants have consciously and

purposefully directed activities and threats at Plaintiff EquiGroomer, a Connecticut entity that resides in this District.

## FACTUAL BACKGROUND

### *EquiGroomer Groomer Tool Prior Art Disclosures*

9.      EquiGroomer has manufactured and sold groomer tools since at least April 2014 through present.  EquiGroomer sells groomer tools on its website, www.equigroomer.com, through distribution sales to third party retailers at dozens of locations throughout the United States, and through the Amazon® e-commerce platform.

10.     Cheryl Dauphin, the founder and owner of EquiGroomer, filed U.S. Patent Application No. 14/460,063 on September 2, 2014 directed to a "Grooming Tool" that published as U.S. Patent Application Publication No. 2015/0047576 on February 19, 2015, a copy of which is attached as **Exhibit A** (hereinafter "the Dauphin Publication").

### *Defendants' Harassment of EquiGroomer*

11.     The Defendants have harassed EquiGroomer multiple times over the years.  For instance, on June 21, 2015, Jennifer Tipton and SleekEZ sent an email to Cheryl Dauphin alleging that EquiGroomer, or Cheryl Dauphin's activities on behalf of EquiGroomer, are "stealing my intellectual property" and "[EquiGroomer's] refusal to respect the rights that I have initiated and established."  The email proceeds to make a request that EquiGroomer "cease and desist making identical claims to your product" and further that Jennifer Tipton "shall be pursuing [EquiGroomer] for any royalties and profits you have made selling a product that I have already introduced to the market."  A copy of this June 21, 2015 email is attached as **Exhibit B**.

12.     In the June 21, 2015 email, Jennifer Tipton and SleekEZ make the following admissions:

            (i)      Jennifer Tipton has "put [EquiGroomer] on notice several times now via phone calls and emails";

(ii)     Jennifer Tipton filed a patent application "in May 2011"…the June 21, 2015 email included a Fee Transmittal sheet that indicates Jennifer Tipton filed Provisional Application No. 61/396,398 on May 27, 2011; and

(iii)    Jennifer Tipton has been contacting EquiGroomer since at least June 2014, "I have logged all communication with you beginning with my phone call to you in June 2014."

13.    Jennifer Tipton and/or SleekEZ have also harassed EquiGroomer's customers, distributors and third party retailers making false claims that EquiGroomer is "infringing" patent rights owned by Jennifer Tipton and/or SleekEZ, and that these entities should purchase from SleekEZ instead.

*Prior Litigation History*

14.    Defendants brought a lawsuit against EquiGroomer when SleekEZ filed a Complaint on January 19, 2022 in the United States District Court for the District of Colorado, a copy of which is attached as **Exhibit C** (hereinafter "the SleekEZ Complaint").  In the SleekEZ Complaint, SleekEZ alleged five (5) different causes of action against EquiGroomer, including infringement of the '250 Patent, infringement of SLEEKEZ trademark rights associated with the '415 Registration, and allegations of false advertising, unfair competition and common law trademark infringement.  Copies of the '250 Patent and '415 Registration are provided as Documents 1-1 and 1-5 of the attached **Exhibit C**.

15.    The SleekEZ Complaint resulted in a Colorado action identified as Civil Case No. 1:22-cv-00149 that was ultimately transferred to this District following a combined motion to dismiss and, in the alternative, motion to transfer made by EquiGroomer, which resulted in a Connecticut action identified as Civil Case No. 3:2022-cv-01655.

16.     On January 5, 2023, SleekEZ unilaterally filed a Notice of Voluntary Dismissal (dkt. 41), which is attached as **Exhibit D**.

17.     On January 6, 2023, this Court granted SleekEZ's Notice of Voluntary Dismissal via a docket text entry (dkt. 42).  The dismissal was made <u>without prejudice</u>.

18.     On January 10, 2023, without context for what prompted SleekEZ's filing of the Notice of Voluntary Dismissal, counsel for EquiGroomer, attorney Marina F. Cunningham, sent a letter to SleekEZ's counsel, attorney Ian R. Walsworth, requesting acknowledgement that "[SleekEZ] will not pursue any of the claims set forth in the [SleekEZ Complaint] against EquiGroomer (or its successors/assigns) despite the complaint being dismissed 'without prejudice.'"  A copy of this January 10, 2023 letter is attached as **Exhibit E**.

19.     On January 20, 2023, SleekEZ's attorney Ian R. Walsworth sent a reply letter indicating that "SleekEZ filed its January 5, 2023 dismissal in Civil Action No. 3:22-cv-1655-MPS for business reasons unrelated to the merits of the claims asserted against EquiGroomer."  A copy of this January 20, 2023 letter is attached as **Exhibit F**.

### *Prior Commercial Activity by Defendants*

20.     The patent application that ultimately issued as the '250 Patent was filed on May 29, 2015.  Prior to filing the patent application, SleekEZ openly advertised and sold SleekEZ grooming tools that embodied the claims of the '250 Patent.  For instance, on July 4, 2014, SleekEZ advertised the SleekEZ grooming tool in a blog post maintained at its website, <u>https://www.sleekez.com/blogs/news</u>, a copy of which is attached as **Exhibit G**.  In the July 4, 2014 blog post, SleekEZ describes the SleekEZ grooming tool as a poplar wood handle device with an embedded metal blade, the blade having a "unique wave tooth pattern is comprised of a unique tooth pattern manufactured exclusively for SleekEZ."

## COUNT I

### Declaratory Judgment of Noninfringement of the '250 Patent

21.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding

paragraphs of this Complaint.

22.     An actual and justiciable controversy exists between EquiGroomer and the Defendants

regarding the alleged infringement of the '250 Patent by EquiGroomer's manufacture and sales

of grooming products.

23.     EquiGroomer's grooming products do not infringe, literally or under the doctrine of

equivalents, any valid claim of the '250 Patent.  Independent claims 1, 6 and 11 of the '250

Patent each recite that:

> blade teeth undulating forward and backward along the length of the blade to
> form a wave configuration such that along the length of the blade a first plurality
> of the blade teeth progressively decrease in distance from the blade slot from a
> first crest to a first trough of the wave configuration followed by a second
> plurality of the blade teeth progressively increasing in distance from the blade slot
> to a second crest of the wave configuration followed by a third plurality of the
> blade teeth progressively decreasing in distance from the blade slot to a second
> trough of the wave configuration for a more effective way of grooming the
> animal.

24.     EquiGroomer's manufacture and sale of grooming tools do not include blade teeth that

decrease in distance from a blade slot from a crest to a trough of a wave configuration, or

increase in distance from a blade slot from a trough to a crest of a wave configuration.

25.     Thus, EquiGroomer is not infringing, and has never infringed, any valid claim of the '250

Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

26.     EquiGroomer is entitled to judgment declaring that EquiGroomer is not infringing and

has never infringed any valid claim of the '250 Patent.

**COUNT II**

**Declaratory Judgment Of Invalidity Of The '250 Patent**

27.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding

paragraphs of this Complaint.

28.     An actual and justiciable controversy exists between EquiGroomer and the Defendants

regarding the invalidity of the '250 Patent under 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or

other provisions of U.S. patent laws, 35 U.S.C. § 1 *et seq.*

29.     Upon information and belief, the '250 Patent is invalid under 35 U.S.C. §§ 102, 103

and/or 112.

30.     The '250 Patent is invalid at least because SleekEZ's manufacture and sale of grooming

tools occurred more than one year prior to May 29, 2015, the filing date of the '250 Patent.

Thus, the '250 Patent is anticipated under § 102 under the on-sale bar due to the sales of

SleekEZ's grooming tools.

31.     The '250 Patent is invalid at least because EquiGroomer's manufacture and sale of its

grooming tools occurred prior to May 29, 2015, the filing date of the '250 Patent.  Thus, the '250

Patent is anticipated under § 102 due to the public disclosure of EquiGroomer's grooming tools.

32.     The '250 Patent is invalid as being anticipated under § 102 at least because the Dauphin

Publication shows and discloses a grooming tool as claimed in the claims of the '250 Patent, or

the '250 Patent is invalid as being unpatentable under § 103 at least because the claims would be

obvious under § 103 in view of the Dauphin Publication.

33.     The '250 Patent is invalid under § 112 at least for failing to comply with the written

description requirement.  As discussed above, each of independent claims 1, 6 and 11 recite:

> blade teeth undulating forward and backward along the length of the blade to
> form a wave configuration such that along the length of the blade a first plurality
> of the blade teeth progressively decrease in distance from the blade slot from a

first crest to a first trough of the wave configuration followed by a second plurality of the blade teeth progressively increasing in distance from the blade slot to a second crest of the wave configuration followed by a third plurality of the blade teeth progressively decreasing in distance from the blade slot to a second trough of the wave configuration for a more effective way of grooming the animal.

34.    There is no written description support in the as-filed patent application that issued as the '250 Patent to support these recitations.  Thus, all claims of the '250 Patent are invalid under § 112 at least for failing to comply with the written description requirement.

35.    The as-filed application that issued as the '250 Patent does not enable a person of ordinary skill in the art on how to make and use the claimed grooming tools at least because the application does not provide sufficient disclosure enabling a person to make and use a grooming tool with blade teeth that undulate back and forth as described above.  Thus, all claims of the '250 Patent are invalid under § 112 at least for failing to comply with the enablement requirement.

36.    The claims of the '250 Patent are invalid under § 112 at least for being indefinite.  The metes and bounds of the claims of the '250 Patent are unclear and indefinite at least because it is unclear how the blade teeth of the grooming tool can undulate back and forth while increasing or decreasing distance from a blade slot from a crest to a trough, or from a trough to a crest, as described above.

37.    EquiGroomer is entitled to judgment declaring that the '250 Patent is invalid under §§ 102, 103 and 112.

## COUNT III

**Declaratory Judgment That The '250 Patent Is Unenforceable Due To Inequitable Conduct**

38.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

39.     The '250 Patent claims a grooming tool used for removing hair, fur, dirt and dander from an animal, the tool comprising a handle, blade and blade teeth having a "wave configuration." The '250 Patent identifies Jennifer L. Tipton as the sole inventor.

40.     Ms. Tipton began publicly using and selling an animal grooming product embodying the claims of the '250 Patent since at least 2011, four (4) years before she filed the patent application that issued as the '250 Patent.

41.     Ms. Tipton's commercial activities qualify as prior art that Ms. Tipton and her prosecuting attorney, Edwin H. Crabtree, had a duty to disclose to the U.S. Patent and Trademark Office.  Instead, Ms. Tipton and/or attorney Crabtree intentionally withheld all evidence of her commercial use and sales.

42.     Ms. Tipton's earlier commercial activity was not cumulative of the prior art of record during the prosecution of the application that issued as the '250 Patent.

43.     Had Ms. Tipton disclosed her prior commercial uses and sales, the U.S. Patent and Trademark Office would not have issued the '250 Patent.

44.     Ms. Tipton and/or her prosecuting attorney, attorney Crabtree, withheld this evidence with an intent to deceive the U.S. Patent and Trademark Office.  Ms. Tipton and/or attorney Crabtree's failure to disclose this prior art constitutes inequitable conduct.

45.     Furthermore, on May 29, 2015 attorney Crabtree filed a Certification of Micro Entity Status with the filing of the application that issued as the '250 Patent, which included a certification that Jennifer Tipton did not have a gross income greater than a maximum qualifying

9

gross income in the preceding years in which any given fee is paid to the U.S. Patent and Trademark Office.  Jennifer Tipton and/or attorney Crabtree proceeded to pay reduced fee amounts allowed for a micro entity for application filing fees, prosecution fees, issue fee and a maintenance fee.

46.      Upon information and belief, Jennifer Tipton and/or SleekEZ, had a gross income greater than the maximum qualifying gross income in preceding years before various fees were paid. Therefore, the ongoing payment of reduced fees under the guise that Jennifer Tipton qualifies as a micro entity constitutes a fraud on the U.S. Patent and Trademark Office and supports a finding of inequitable conduct.

47.      EquiGroomer is entitled to judgment declaring the '250 Patent unenforceable due to inequitable conduct.

## COUNT IV
### Declaratory Judgment That The '250 Patent Is Unenforceable Against EquiGroomer

48.      EquiGroomer realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

49.      An actual and justiciable controversy exists between EquiGroomer and the Defendants regarding the unenforceability of the '250 Patent against EquiGroomer.

50.      Defendants have contacted Plaintiff EquiGroomer and its customers and distributors multiple times prior to issuance of the '250 Patent.  However, after the '250 patent issued on October 25, 2016, the Defendants waited until January 19, 2022 to bring an action against Plaintiff EquiGroomer that they unilaterally sought to be voluntarily dismissed on January 5, 2023.  The Defendants inaction for years after harassment of Plaintiff EquiGroomer and its customers and distributors constitutes grounds for finding that the '250 Patent is unenforceable

against EquiGroomer based on the equitable doctrines of waiver, unclean hands, acquiescence, and/or estoppel.

51.     EquiGroomer is entitled to judgment declaring that the '250 Patent is unenforceable against EquiGroomer, in whole or in part, by the equitable doctrines of waiver, unclean hands, acquiescence, and/or estoppel.

## COUNT V

### Declaratory Judgment of Non-Infringement of SleekEZ Trademark

52.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

53.     EquiGroomer's use of the phrase "EasyGroomer" is not likely to cause confusion or mistake or deceive as to the source of any goods or services or as to any affiliation, connection, or association with SleekEZ.

54.     EquiGroomer is entitled to judgment declaring that EquiGroomer's use of the phrase "EasyGroomer" does not infringe and has never infringed SleekEZ's state or federal trademark rights in the "SLEEKEZ", including any rights associated with the '415 Registration or common law rights.

## COUNT VI

### Conn. Gen. Stat. § 42-110b(a) – Violation of the Connecticut Unfair Trade Practices Act

55.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding paragraphs of this Complaint.

56.     Plaintiff EquiGroomer and Defendants are direct competitors in the manufacture and sale of horse and pet grooming tools.

57.     The Defendants' acts and practices were done in conduct of Defendants' primary trade and commerce of advertising and selling grooming tools.  Defendants harassed EquiGroomer

and EquiGroomer's current and prospective business relationships with false claims that

EquiGroomer was infringing or stealing intellectual property of Defendants when no such

judgment by any competent judicial or administrative authority was had.

58.     The Defendants' assertion of patent rights knowingly obtained through inequitable

conduct, *i.e.* multiple frauds on the U.S. Patent and Trademark Office, constitutes unfair

competition and deceptive acts.

59.     The Defendants' acts and practices constitute unfair competition and unfair and deceptive

acts or practices in violation of CUTPA, Conn. Gen. Stat. § 42-110b(a).

60.     EquiGroomer has suffered, and unless the actions of Defendant are enjoined by this

Court, will continue to suffer irreparable and immediate injury in an amount to be proven at trial.

## COUNT VII

**Common Law - Tortious Interference With Existing Or Prospective Business Relationships**

61.     EquiGroomer realleges and incorporates by reference the averments pled in the preceding

paragraphs of this Complaint.

62.     Defendants intentionally interfered with EquiGroomer's current and prospective business

relationships with a wrongful purpose and/or through improper means.  The harassment of

Plaintiff EquiGroomer and its customers, distributors and third party retailers was intentionally

done with intent to damage Plaintiff EquiGroomer.

63.     Defendants' interference with EquiGroomer's current and prospective business

relationships has injured and will continue to injure EquiGroomer irreparably, thereby causing

EquiGroomer damages in an amount to be proven at trial.

## REQUEST FOR RELIEF

Wherefore, EquiGroomer respectfully requests the following relief against Defendants,

SleekEZ and Jennifer L. Tipton, as follows:

i.        declaring that EquiGroomer has not infringed and is not infringing the '250 Patent;

ii.       declaring that all claims of the '250 Patent are invalid 35 U.S.C. §§ 102, 103 and/or 112;

iii.      declaring that the '250 Patent is unenforceable due to inequitable conduct for failure to disclose prior sales of the invention before filing the application for patent;

iv.      declaring that the '250 Patent is unenforceable against EquiGroomer due to equitable doctrines;

v.       finding this to be an exceptional case within the meaning of 35 U.S.C. § 285 and awarding EquiGroomer its attorneys' fees and costs incurred in this action;

vi.      declaring that EquiGroomer has not infringed and is not infringing the SLEEKEZ mark under state or federal law, including any rights associated with the '415 Registration or common law rights;

vii.     finding a violation of the Connecticut Unfair Trade Practices Act by Defendants for the improper assertion of non-existent patent rights and/or for the assertion of patent rights knowing obtained through a fraud on the U.S. Patent and Trademark Office;

viii.    awarding EquiGroomer reasonable attorneys' fees, expert witness fees, costs and expenses incurred in connection with this action pursuant to Conn. Gen. Stat. § 42-110g(d); and

ix.      awarding EquiGroomer other and further relief as this court deems just and proper.

**Jury Demand**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff EquiGroomer

demands a jury trial on all issues and claims so triable.


Date: April 7, 2023                    Respectfully submitted,

                                       /s/ Marina F. Cunningham

                                       Marina F. Cunningham (ct19475)
                                       cunningham@ip-lawyers.com

                                       Justin L. Durelli (ct31407)
                                       durelli@ip-lawyers.com

                                       McCormick, Paulding & Huber PLLC
                                       185 Asylum Street
                                       CityPlace II, 18th Floor
                                       Hartford, CT 06103-3410
                                       (860) 549-5290

                                       ***Attorneys for Plaintiff EquiGroomer, LLC***